OPINION
{¶ 1} Defendant-appellant Laverne L. Draper appeals from her August 26, 2002, conviction on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (A)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 9, 2002, at approximately 3:30 A.M., an Alliance Police Department Partrolman observed an automobile which was parked at an angle, partially on the roadway and partially on the sidewalk. The patrolman stopped to investigate. Laverne Draper [hereinafter appellant] was found asleep in the vehicle. The engine was not running and the keys were on the floor of the vehicle, below the steering column, on the driver's side.
 {¶ 3} The patrolman awakened appellant. As appellant stepped out of the car, the patrolman observed that appellant had urinated on herself. Appellant admitted to the patrolman that she had driven the vehicle from a bar and had parked the car in front of her residence earlier, where it was found by the patrolman. The patrolman administered standardized field sobriety tests on appellant. The patrolman found that she performed poorly on the tests and placed appellant under arrest for operating a motor vehicle while under the influence of alcohol. Appellant submitted to a breathalyzer test which returned a BAC result of 0.109 percent.
 {¶ 4} Appellant was charged with operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3). On June 7, 2002, appellant filed a motion to suppress. Upon a hearing on the motion on July 5, 2002, the trial court overruled appellant's motion. On August 26, 2002, appellant entered a plea of no contest. The trial court subsequently found appellant guilty and sentenced appellant.
 {¶ 5} It is from the August 26, 2002, conviction that appellant appeals, raising the following assignment of error:
 {¶ 6} "The Trial Court Erred In Denying Appellant's Motion To Suppress And Finding That She Operated A Motor Vehicle In Violation Of O.R.C. 4511.19(A)(3)."
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams
(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming that the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906 and Guysinger, supra. It is based on these standards that we review appellant's assignment of error.
 {¶ 8} In essence, appellant argues that the trial court erred when it found that the arresting officer had probable cause to believe appellant had "operated" the automobile while under the influence of alcohol, in violation of R.C. 4511.19.[1] We disagree.
 {¶ 9} The Ohio Supreme Court recently addressed probable cause as it relates to an arrest for a violation of R.C. 4511.19 in the case ofState v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952. In the Homan case, the Court explained that: "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [Citations omitted.] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. [Citations omitted.]" Id. at 427.
 {¶ 10} We understand appellant's first argument to be that the trial court erred in finding that the officer had probable cause to believe appellant was "operating" a motor vehicle when appellant was sleeping in an automobile with the keys on the floor, under the steering column. However, in State v. Cleary (1986), 22 Ohio St.3d 198,490 N.E.2d 574, at paragraph one of the syllabus, the Ohio Supreme Court stated that "[o]peration of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possessionindicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." Id. at 199 (emphasis added).
 {¶ 11} In this case, appellant was found sitting in her vehicle, in the driver's seat, with the keys on the floor mat, directly below the steering column. We find that the keys were sufficiently within her possession to constitute probable cause that she was operating the motor vehicle, as defined by the Ohio Supreme Court in State v. Cleary, supra.
 {¶ 12} Appellant further argues that the trial court erred in finding probable cause because the videotape of the arrest does not support the arresting officer's testimony describing appellant's condition. Specifically, appellant argues that the videotape does not demonstrate that appellant was "belching, insulting and swaying" or that appellant's speech was unreasonably slurred, as claimed by the officer.
 {¶ 13} As stated previously, probable cause exists when, at the moment of arrest, the police have sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe that the suspect was operating the motor vehicle under the influence of alcohol. Homan, supra. Upon review of the record, including the videotape of the arrest and testimony of the arresting officer, we find that there was probable cause to find appellant was under the influence of alcohol. The arresting officer testified that appellant had a heavy odor of alcohol on her breath and red eyes. Appellant had urinated on herself. Further, appellant admitted consuming alcohol and driving home from a bar. A review of the videotape unquestioningly reveals that the motor vehicle was parked at an angle, partially on the street and partially on the sidewalk, that appellant was uncooperative and that appellant required multiple explanations of the field sobriety test instructions and then failed to follow those instructions.
 {¶ 14} Those indications of intoxication, in conjunction with our finding that there was probable cause that appellant "operated" a motor vehicle, were sufficient to establish probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol. Therefore, the trial court properly denied appellant's motion to suppress.
 {¶ 15} Appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Alliance Municipal Court is affirmed.
Hoffman, P.J. and Boggins, J. concurs.
[1] Appellant's assignment of error and arguments are not entirely clear. Based upon a review of the entire brief, we understand appellant to be contesting the trial court's denial of the motion to suppress and the findings which explain that denial.